# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 1:18-po-00138-SAB |
|---|---|
| Plaintiff, | ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION |
| v. | (ECF No. 16) |
| ELIAS M. GIL, | |
| Defendant. | |

A status conference in this matter was held on October 25, 2018, during which a briefing schedule was set for Defendant Gil to file a motion to compel. (ECF No. 10.) Defendant filed a motion to compel on November 29, 2018. (ECF No. 11.) Pursuant to the established briefing schedule, the Government's opposition to the motion to compel was due on December 20, 2018. No opposition was filed on the established date. On December 21, 2018, an order issued requiring the Government to show cause why Defendant's motion should not be deemed unopposed as no opposition had been filed. (ECF No. 13.) On December 31, 2018, the Government filed a reply to the order to show cause. (ECF No. 14.) On January 2, 2019, an order issued discharging the order to show cause and granting the Government's request for an extension of time to file a response to the motion to compel. (ECF No. 15.) On this same date, Defendant filed a motion for reconsideration seeking to have the motion to compel deemed unopposed. (ECF No. 16.)

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may not be used to

raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original). Further, Local Rule 230(j) requires, in relevant part, that Defendant show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion."

To determine whether a party's failure to meet a deadline constitutes "excusable neglect", the Court considers four factors: 1) the danger of prejudice to the opposing party; 2) the length of the delay and its potential impact on the proceedings; 3) the reason for the delay, including whether it was in the reasonable control of the movant; and 4) whether the movant acted in good faith. Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership (Pioneer), 507 U.S. 380, 395 (1993). The Court shall consider Defendant's motion for reconsideration in light of the fact that the Government's request for an extension of time was granted before Defendant had an opportunity to oppose the request.

Defendant moves for the Court reconsider and deny the request for an extension of time to file a response as the Government has not demonstrated a compelling reason for the delay citing to United States v. Hawkins, No. 2:10-cr-00458-WBS, 2013 WL 5184022 (E.D. Cal. Sept. 13, 2013). In Hawkins, the defendant was convicted of witness tampering on October 30, 2012. Id. at *1. On August 14, 2013, the defendant moved for a new trial arguing that the prosecutor had committed prosecutorial misconduct and withheld exculpatory evidence. Id. The court considered that under Rule 33 of the Federal Rules of Criminal Procedure a motion for a new trial, other than for newly discovered evidence, must be filed within 14 days after the verdict or guilty finding. Id. Because the defendant waited for more than 9 months to file his motion for a new trial, it was untimely. Id.

The court considered that there would be no delay in the proceedings or prejudice to the plaintiff as the trial had been completed and there was no evidence that the delay was the product of bad faith. Id. at *2. However, the defendant did not present any compelling reason for the

delay which mitigated against finding that the failure to file the motion timely was caused by excusable neglect. Id. at *3.

The Court finds that the situation presented here is distinguishable from Hawkins. First, in this instance, the Government's opposition was due on December 20, 2018, and the request for an extension was filed on December 31, 2018. The delay here was less than two weeks compared to the nine months at issue in Hawkins.

Further, in Hawkins the matter had been tried, a verdict had been reached, and the defendant had appealed. In the instant case, the hearing on the motion is set for January 17, 2019. No decision on the motion to compel has been issued and allowing the Government to file a response will not delay the hearing.

Finally, unlike in Hawkins where there was no compelling reason for the delay, it is undisputed that the Government did not receive notice that the motion had been filed. While Defendant argues that the Government was aware that the briefing schedule had been established, in the Court's experience, while not common, it is not unusual for a briefing schedule to be established and no motion to be filed. Also, as previously discussed in the January 2, 2019 order, the Government shutdown contributed to the delay as it has affected the receipt of notification of court filings.

The Court finds that Defendant has not set forth any grounds to reconsider the order granting the Government's request for an extension of time to file a response to the motion to suppress.

Accordingly, IT IS HEREBY ORDERED that Defendant's motion for reconsideration is DENIED.

IT IS SO ORDERED.

Dated:  **January 3, 2019**

_____
UNITED STATES MAGISTRATE JUDGE

3